IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ORIENTAL BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN HEBERT a/k/a JOHN E. HEBERT and )<br>SUZETTE HEBERT, )<br>)<br>Defendants. ) | Case No. 3:19-cv-0113 |

### ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Order of Dismissal and for Court to Retain Enforcement Jurisdiction and Incorporate Terms of Release Agreement. (ECF No. 28.) For the reasons stated below, the Court will deny the motion.

### I. BACKGROUND

Plaintiff commenced this action on November 26, 2019. (ECF No. 1.) On March 20, 2020, the Magistrate Judge directed Plaintiff to file proof of service on Defendants or show cause why the action should not be dismissed for failure to prosecute, no later than March 31, 2020. (ECF No. 5.) On March 30, 2020, Plaintiff filed a motion for extension of time to June 30, 2020, to serve Defendants (ECF No. 6), which was granted (ECF No. 12), and a motion to stay based on the proclamation of the COVID-19 pandemic in the United States. (ECF No. 8), which was found moot (ECF No. 13.) Thereafter, Plaintiff's motions to stay were granted (ECF Nos. 15, 17), and the matter was stayed until September 30, 2020. (ECF No. 17.) On November 6, 2020, Plaintiff filed a Notice of Settlement, asserting that "a settlement has been reached regarding all claims" in this case and "[a] closing is scheduled to take place on November 9, 2020, which will result in a payoff/release of the mortgage lien. Accordingly, Plaintiff anticipates filing Notice of Voluntary Dismissal and release of Lis Pendens pursuant to Fed. R. Civ. P. 41 within fifteen (15) days." (ECF No. 18.) At the February 18, 2021 status conference, Plaintiff's counsel informed the Magistrate Judge that he has been in contact with "Attorney Goldman" about his clients signing the release, but his clients were not responding to him and he provided permission to contact his clients directly. Plaintiff's counsel also

informed the Magistrate Judge that signing the release was part of the settlement agreement. At the April 5, 2021 status conference, Plaintiff's counsel informed the Magistrate Judge that he asked "Attorney Goldman" if he was willing to execute the release on behalf of his clients because Plaintiff was hesitant to dismiss the case without a release. Counsel also informed the Magistrate Judge that the sale was made, and payout was accepted, but the release was not executed at the closing, and counsel did not receive response to his follow up with Defendants. The Magistrate Judge ordered Plaintiff's counsel to file a notice of voluntary dismissal or file proof of service by April 16, 2021. Plaintiff failed to comply with the Magistrate Judge's April 5, 2021 order. On May 28, 2021, Plaintiff filed the instant motion.

## II. LEGAL STANDARD

Plaintiff filed the instant motion pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides:

> (a) Voluntary Dismissal.
> (1) *By the Plaintiff.*
> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1). Plaintiff also invoked V. I. R. Civ. P. 41(a)(2) as the ground for its motion. The Virgin Islands Rules of Civil Procedure do not apply in federal court. However, based on the relief requested, the Court will assume that Plaintiff intended to cite to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

### III. DISCUSSION

Plaintiff asserts that "the underlying subject mortgage has been satisfied/released by way of a third[-]party sale and payoff facilitated by Plaintiff and Defendants, which was completed in November 2020," (*Id.* at 1-2.) "As a condition of the sale, Plaintiff required Defendants to execute the attached Absolute Release of all Claims and Counterclaims," "[a] true and complete copy" of which is attached as Exhibit A. (*Id.* at 1-2.) By emails, attached as Exhibit B, Defendants' closing attorney "reiterated the Defendants' agreement to execute the Absolute Release of all claims and Counterclaims," but Defendants failed to execute the Absolute Release of all Claims and Counterclaims. (*Id.* at 2-3.)

Plaintiff seeks, *simultaneously*, an order of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which provides for voluntary dismissal by the plaintiff "without a court order" by filing a notice of dismissal, and Fed. R. Civ. P. 41(b), which provides for dismissal at the plaintiff's request and "only by court order" and "on terms that the court considers proper." Since dismissal under Rule 41(a)(1) is voluntary and does not require a court order, *see Alcantara v. Duran Landscaping, Inc.,* No. 2:21-CV-03947-JDW, 2022 WL 2703610, (E.D. Pa. July 12, 2022) ("By allowing parties to dismiss their claims at any time, and without court action, that rule gives effect to the bedrock principle of American courts that public policy favors private settlements of civil litigation.") (citations omitted), it cannot serve as a legal basis for the instant motion. Notwithstanding its motion, it does not appear that Plaintiff is requesting relief pursuant to Rule 41(a)(1)(A)(i) since it is requesting a dismissal on certain terms and for the Court to retain jurisdiction to enforce a purported release. Any dismissal based on this rule is denied.

To the extent Plaintiff is seeking a dismissal pursuant to Rule 41(a)(2), that request will be denied. Plaintiff failed to comply with the April 5, 2021 order to serve Defendants and submitted no admissible evidence in support of its motion. Plaintiff's Exhibit A purports to be "[a] true and complete copy of the Absolute Release of All Claims and Counterclaims," but the attorney's assertions in the brief are not evidence. *Braden v. Univ. of Pittsburgh*, 477 F.2d 1, 6 (3d Cir. 1973) ("We have repeatedly stated that statements in briefs unless specifically

admitted by the adversary side cannot be treated as record evidence."). Similarly, Plaintiff's Exhibit B purports to contain certain emails sent to and received from "Defendant's closing attorney," without any declaration pursuant to 28 U.S.C. § 1746 or an affidavit based on personal knowledge certifying that Exhibit B is what it purports to be. No evidence in the record exists that the purported "Attorney Goldman" was Defendant's attorney at the closing and had the power to bind Defendants. Even assuming that the emails are authentic, Plaintiff admits that executing the release was a condition of the sale and the emails in Exhibit B clearly indicate that the alleged closing attorney, when asked if he could execute the release on Defendant's behalf, stated: "No. I cannot do so without their final authorization." (ECF No. 28-2 at 1.)

It appears that the only reason for making the motion is to have the Court incorporate the purported "Absolute Release of all Claims and Counterclaims" into its order, notwithstanding the plaintiff's admission that the release, that was part of the agreement, has never been executed by Defendants. Plaintiff elected to perform the sale, at its own risk, despite Defendants' failure to execute the release. Moreover, there is no evidence that the terms of the purported release in Exhibit A were the same release terms emailed to the closing attorney, who allegedly emailed Plaintiff informing that Defendants agreed to the release. Thus, Plaintiff's request for an order dismissing this case and for the Court to retain jurisdiction to enforce an unexecuted release is not warranted. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Order of Dismissal and for Court to Retain Enforcement Jurisdiction and Incorporate Terms of Release Agreement, ECF No. 28, is **DENIED**; and it is further

**ORDERED** that, no later than January 14, 2023, Plaintiff shall file a notice with the Court indicating how it intends to proceed in this matter. Failure to file a notice may result in a dismissal for failure to prosecute.

**Date:** December 14, 2022                                        */s/ Robert A. Molloy*
                                                                                    **ROBERT A. MOLLOY**
                                                                                    **Chief Judge**